# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LEANN SANDRA LEWIS, | ) | CASE NO.: 5:24-cv-02009 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Leann Sandra Lewis ("Lewis") to the Report and Recommendation ("R&R") of the Magistrate Judge. On May 14, 2025, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. Doc. 11. On May 28, 2025, Lewis objected to the R&R. Doc. 12. On May 30, 2025, the Commissioner responded to the objections. Doc. 13. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner*

1

*v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Lewis first objects to the Magistrate Judge's review of the Administrative Law Judge's ("ALJ") analysis of her treating providers. Specifically, she claims that the ALJ improperly discounted symptoms and limitations without addressing supportability and consistency of the treating source. Doc. 12 at pp. 2–3. Lewis seems to suggest that some of her symptoms were noted by her treating provider, but not considered by the ALJ, and the R&R incorrectly found the ALJ's explanation on the matter acceptable. *Id.*

On this issue, the R&R explains:

> Lewis argues that the ALJ erroneously concluded that Dr. Raines's opinion "was based on Plaintiff's asserted limitations, rather than Dr. Raines' observations and conclusions." Doc. 7, at 12–13. But Dr. Raines himself commented that Lewis's "disability paperwork [was] completed with [Lewis] based on her report," Tr. 400, as the ALJ accurately observed, Tr. 25 (citing Tr. 400).5 And this is an acceptable reason for an ALJ to reject a medical opinion. *See e.g., Hopkins v. Comm'r of Soc. Sec.*, No. 23-5696, 2024 WL 3688302, at *3 (6th Cir. Apr. 9, 2024) (finding that an ALJ addressed the supportability factor when he found unpersuasive a medical opinion because the doctor "relied heavily on the [claimant's] subjective reports to conclude that [the claimant] was severely impaired in various work-related functions"); *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 629 (6th Cir. 2016) ("a doctor cannot simply report what his patient says and re-package it as an opinion."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) (finding that an ALJ properly discounted an opinion about the amount of weight the claimant could lift because it "appears to be based not upon his own medical conclusion, but upon … [the claimant's] own assessment of his weight-lifting limitations.").

Doc. 11 at p. 18.

The R&R goes further and addresses Lewis's argument regarding 'supportability' and 'consistency' directly:

> Lewis asserts that the ALJ "failed to … discuss consistency" when he evaluated Dr. Raines's opinion. Doc. 7, at 7; Doc. 10, at 1. But the ALJ explained why Dr. Raines's

2

> opinion was inconsistent with other record evidence. Tr. 25–26 (referencing Lewis's objective exam findings, daily activities, and Lewis's and Lewis's sister's reports of Lewis's symptoms and limitations); *see also* Tr. 25 (ALJ explaining why he discounted Lewis's reports of symptoms and limitations, including Lewis's daily activities and objective exam findings throughout the record); *see* 20 C.F.R. § 416.920c(c)(2) (defining "[c]onsistency" as "[t]he more consistent a medical opinion[] … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] … will be.").
>
> While the ALJ did not use the wor[d] "consistency," this is not error. *See Cormany*, 2022 WL 4115232, at *3 ("[A]n ALJ need not specifically use the terms 'supportability' or 'consistency' in his analysis.").

Doc. 11 at p. 20.

Lewis further argues that the ALJ did not "sufficiently articulate his consideration of the totality of the medical evidence" by failing to consider all impairments when forming the RFC, meaning the RFC was not supported by substantial evidence. Doc. 12 at p. 3. This objection again renews arguments before the Magistrate Judge, who specifically addressed the issue:

> When an ALJ finds *severe* and *non-severe* impairments at step two and continues with the subsequent steps in the sequential evaluation process, any error at step two is harmless. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (the failure to find an impairment severe at step two is harmless error when the ALJ continues through the remaining steps of the evaluation and can consider non-severe impairments when assessing an RFC); *see Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) ("The fact that some of Anthony's impairments were not deemed to be severe at step two is … legally irrelevant" because the ALJ considered Anthony's severe and non-severe impairments in the remaining steps of the analysis) (citing *Maziarz*).

Doc. 11 at p. 23.

The underlying theme of Lewis's objections contend that the ALJ "cherry picked" portions of the record to support the decision and ignored evidence supporting her preferred outcome. Parts of Lewis's objections are unorganized and difficult to discern, but it appears that she is restating arguments raised earlier in the proceedings. As such, no further review of the objections is needed.

3

*See Nork v. Comm'r of Soc. Sec.*, No. 14-12511, 2015 U.S. Dist. LEXIS 74206, at *2 (E.D. Mich. June 9, 2015) (District courts are not obligated to address mere recitations or the rehashing of earlier arguments when the objections do not identify specific error(s) of the Magistrate Judge). Lewis has not demonstrated a lack of sufficient evidence in the record to support the ALJ's conclusion. Accordingly, the R&R did not err when it found no error with the ALJ's evaluation of the treating provider's opinion and Lewis's impairments.

      For the reasons stated above, Lewis's objection (Doc. 12) is OVERRULED. The R&R (Doc. 11) is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: June 12, 2025                  /s/ *John R. Adams*
                                                                 JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT JUDGE